WINSLETT STUDNICKY MCCORMICK & BOMSER LLP
Joshua G. Graubart
6 E. 39th Street, 6th Floor
New York, NY  10016
Tel: (646) 781-9321
Fax: (646) 224-8088
jggraubart@graubartlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLSMIDTH WADGASSEN GMBH,<br><br>        Plaintiff,<br><br>  v.<br><br><br>BEUMER MASCHINENFABRIK GMBH,<br>KOCH MATERIAL HANDLING GMBH,<br>KOCH HOLDING A.S., and BEUMER<br>CORPORATION,<br><br>        Defendants. | CIVIL ACTION FILE<br><br>NO. 11-cv-7495 (FLW) (DEA) |

**MEMORANDUM OF LAW OF PLAINTIFF FLSMIDTH WADGASSEN
GMBH IN OPPOSITION TO DEFENDANT BEUMER CORPORATION'S
MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ......................................................................1

II.    STATEMENT OF FACTS ..........................................................3

III.   ARGUMENT ...............................................................................5

     A.    The Claims Contained in the Complaint Should Not Be
Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) ...................5

          1.    Standard for Granting Dismissal Pursuant to Fed. R. Civ.
P. 12(b)(1) ..............................................................5

          2.    The Claims Contained in the Complaint Fall Within the
Subject Matter Jurisdiction of this Court ....................6

          3.    Even if True, the Alleged Deficiencies in Pleading Do
Not Warrant Dismissal Pursuant to Fed. R. Civ. P.
12(b)(1) .................................................................7

     B.    The Claims Contained in the Complaint Should Not Be
Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) ...................9

          1.    Standard for Granting Dismissal Pursuant to Fed. R. Civ.
P. 12(b)(6) ..............................................................9

          2.    The Complaint Sufficiently Alleges Defendant Beumer
Corp.'s Use of the Mark in a Manner Likely to Confuse .........11

               a.    Defendant Beumer Corp. Used the KOCH Marks .........12

               b.    Defendant Beumer Corp.'s Use of the KOCH
Marks is Likely to Cause Confusion .............................16

     C.    If the Court Grants Defendant Beumer Corp.'s Motion to
Dismiss, Plaintiff Requests Leave to Amend its Complaint ..............17

IV.   CONCLUSION ........................................................................18

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*A&H Sportswear v. Victoria's Secret Stores, Inc.*
237 F. 3d 198 (3d Cir. 2000) ..............................................................10

*Arbaugh v. Y&H Corp.*
546 U.S. 500 (2006) ...........................................................................5

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ...........................................................................9

*Bell v. Hood*
327 U.S. 678 (1946) ...........................................................................9

*Cancer Genetics, Inc. v. Hartmayer*
2008 WL 323738 *9 (D.N.J. Feb. 5, 2008) .......................................10

*CNA v. United States*
535 F.3d 132 (3d Cir. 2008) ...............................................................5

*College Savings Bank v. Florida Prepaid Educational Expenses Board*
948 F. Supp. 400 (D.N.J. 1996) ..........................................................8

*Interpace Corp. v. Lapp, Inc.*
721 F.2d 460 (3d Cir. 1983) .............................................................16

*Morrison v. National Australia Bank Ltd.*
130 S.Ct. 2869 (2010) ........................................................................8

*Neitzke v. Williams*
490 U.S. 319 (1989) ..........................................................................10

*Phillips v. County of Allegheny*
515 F.3d 224 (3d Cir. 2008) .............................................................17

*Sabinsa Corp. v. Creative Compounds, LLC*
609 F.3d 175 (3d Cir. 2010) .............................................................17

*Shapiro v. UJB Financial Corp.*
964 F. 2d 272 (3d Cir. 1992) ............................................................14

*Zuk v. Eastern Pennsylvania Psychiatric Institute*
103 F.3d 294 (3d Cir. 1996) .............................................................15

## STATUTES

15 U.S.C. section 1114 (section 32) ............................................... 1, 10

15 U.S.C. section 1114(1) ................................................................6

15 U.S.C. section 1121 .....................................................................3

15 U.S.C. section 1121(a) ........................................................... 2, 6, 7

15 U.S.C. section 1125(a) (section 43(a)) ........................................................ 1, 6, 7

15 U.S.C. section 1125(a)(1)(A) ...................................................................10

28 U.S.C. section 1338(a) ........................................................ 2, 3, 6, 7

28 U.S.C. section 1338(b) ........................................................ 2, 6, 7

28 U.S.C. section 1367(a) ........................................................ 3, 6, 7

New Jersey N.J.S.A. sections 56:4-1 et. seq. ........................................1, 6

## RULES

Federal Rule of Civil Procedure 12(b)(1) .................................. 1, 2, 5, 6, 7, 8, 9, 12

Federal Rule of Civil Procedure 12(b)(6) ........................................ 1, 2, 8, 9, 10, 17

Federal Rule of Civil Procedure 8(a)(1) ...............................................................7

Federal Rule of Civil Procedure 8(a)(2) ...............................................................10

Federal Rule of Civil Procedure 9(b) ...............................................................15

## I.   INTRODUCTION

This is an action for the infringement of a registered United States trademark and related unfair competition.  The offending conduct occurred in the United States, by and for the benefit of, *inter alia*, a United States corporation, the movant, Beumer Corporation (hereinafter, "Defendant Beumer Corp.").  Plaintiff FLSmidth Wadgassen GmbH ("Plaintiff") seeks damages from and injunctive relief  against Defendant Beumer Corp. and three related foreign corporate defendants[1] under §§ 32 and 43 of the Lanham Act, N.J.S.A. §§ 56:4-1 *et. seq.* and state common law.

In its Motion to Dismiss the Complaint ("MTD") Defendant Beumer Corp. wrongly seeks the dismissal of Plaintiff's claims on the grounds, first, that this Court lacks subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), and second, that Plaintiff's Complaint fails to state a claim on which relief can be granted pursuant to F.R.C.P. 12(b)(6).

Defendant Beumer Corp.'s motion to dismiss for lack of subject matter jurisdiction should be denied.  Original subject matter jurisdiction over all

---

[1] Defendant repeatedly remarks (at MTD pp. 2, 13) that of the four defendants, only Defendant Beumer Corp. has yet been served.  The other three defendants, of course, are all foreign, and while Plaintiff is making diligent efforts to serve them, the Court will recognize that service of process overseas is a lengthy process, made lengthier still in this case as one of the defendants is an Austrian corporation, and Austria is not a party to the Hague Service Convention.

trademark infringement claims and related unfair competition claims lies in the federal district courts pursuant to 28 U.S.C. §§ 1338(a) and 1338(b), and to 15 U.S.C. § 1121(a).  Defendant Beumer Corp. argues that the Complaint does not allege trademark infringement and unfair competition claims against Defendant Beumer Corp. particularly (as distinct from against Defendant Beumer Corp. and the three other defendants as a group), and that the supposedly resultant lack of such particularized allegations defeats the Court's subject matter jurisdiction over these claims as to Defendant Beumer Corp. Even were it the case that the Complaint failed adequately to allege claims against Defendant Beumer Corp. particularly – which argument Plaintiff disputes below – it is well established that such a finding is not relevant to the subject matter jurisdiction of this Court, but rather to whether or not Plaintiff has adequately alleged claims on which relief should be granted.  In other words, Defendant Beumer Corp. has improperly duplicated its F.R.C.P. 12(b)(6) argument (addressed *infra*), and attempted to pass it off as a separate F.R.C.P. 12(b)(1) argument.

Defendant Beumer Corp.'s motion to dismiss for failure to state a claim on which relief may be granted should likewise be denied.  Defendant Beumer Corp. again argues that the Complaint does not sufficiently allege trademark infringement and unfair competition claims against Defendant Beumer Corp.

2

particularly (as distinct from against Defendant Beumer Corp. and the three other defendants collectively).  However, where as here the defendants collectively hold themselves out as an indistinguishable whole (*viz.* "the Beumer Group"), and where all information regarding the internal workings of the interrelated defendant entities is solely in the possession of the defendant entities, Defendant Beumer Corp. relies on a smokescreen of its own manufacture to dispose of any action against it before Plaintiff may avail itself of the discovery process.

Consequently, each of Defendant Beumer Corp.'s arguments fail, and the Motion to Dismiss should be denied.

## II.  STATEMENT OF FACTS

As set forth in the Complaint, Plaintiff brought this action against Beumer Corporation and related companies for Trademark Infringement and Unfair Competition under the Lanham Act and related state causes of action.  (Complaint ¶1).  Beumer Corporation is the United States branch of the Beumer Group of companies.  (Complaint ¶3-4).  The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), and 15 U.S.C. § 1121, because these statutes specifically provide federal courts with subject matter jurisdiction over all causes of action regarding the federal law of trademarks and related unfair competition claims.  (Complaint ¶2).

Plaintiff's parent company, FLSmidth A/S, purchased the entire rights to the worldwide recognizable and valuable name and mark KOCH.  (Complaint ¶12).  FLSmidth A/S obtained a valid United States registration for the KOCH mark from the United States Patent and Trademark Office in September 2011.  (Complaint ¶13).  Plaintiff subsequently licensed the rights to "use and enforce the KOCH name and mark in the United States" from its parent company.  (Complaint ¶12).

The defendants collectively hold themselves out as "the Beumer Group," and no distinction is made among the various defendant entities:  infringing advertising and marketing materials.  The defendants have collectively "deployed various English language advertisements directed at the United States and New Jersey."  (Complaint ¶16).  Examples of these are attached to the Complaint.  For example, the defendants have "misused and continue to misuse the KOCH name and logo" on the Beumer Group website.  (Complaint ¶17; Exh. C).  The defendants collectively "target international markets, including those in the United States, through the deployment of English language advertisements in international trade publications with substantial U.S. circulation" using the KOCH marks and the Beumer Group designation.  (Complaint ¶17; Exh. E).  Additionally, the defendants, as the Beumer Group, "post videos on YouTube that misuse the KOCH name and logo"  (Complaint ¶17; Exh. F).  These English language

materials, including the video which is hosted on a U.S. website, found on a United States website are posted by the "Beumer Group." *Id.*

The KOCH logo, as used by the Beumer Group, is "identical to that previously used by KOCH GmbH since the mid-1990s and subsequently as used by [FLSmidth]." (Complaint ¶20). The marks are used in providing "the same types of services and equipment as [FLSmidth] in the same locations worldwide, including ,… in the United States." (Complaint ¶21).

## III.   ARGUMENT

### A. THE CLAIMS CONTAINED IN THE COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)

#### 1.  Standard for Granting Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

In order to succeed on a motion to dismiss under FRCP 12(b)(1), the plaintiff must fail to plead "a colorable claim "arising under" the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). In analyzing a Rule 12(b)(1) challenge, the Court should "ensure that defendants are not allowed to use Rule 12(b)(1) to resolve the merits too early in litigation." *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008). Therefore, "district courts [should] ensure that they do not prematurely grant Rule 12(b)(1) motions to

dismiss claims in which jurisdiction is intertwined with the merits and could be established, along with the merits, given the benefit of discovery." *Id.*

### 2.  The Claims Contained in the Complaint Fall Within the Subject Matter Jurisdiction of this Court

Federal courts have subject matter jurisdiction over "any civil action arising under any Act of Congress relating to… trademarks."  28 U.S.C. § 1338(a).  Under the Lanham Act, "[t]he district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States… without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."  15 U.S.C. § 1121(a).  Further, "[t]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the … trademark laws."  28 U.S.C. § 1338(b).  Finally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

All of the claims asserted in the Complaint:

(1)   Infringement of a Federally Registered Trademark (15 U.S.C. § 1114(1));
(2)   Unfair Competition (15 U.S.C. § 1125(a));
(3)   Unfair Trade Practice (N.J.S.A. §§ 56:4-1 *et seq*.);
(4)   Trademark Infringement (15 U.S.C. § 1125(a));

6

(5)   False Description (15 U.S.C. § 1125(a)); and

(6)   Common Law Trademark Infringement

are either (i) claims cognizable under federal trademark law and therefore subject

to the original jurisdiction of this Court under 28 U.S.C. § 1338(a) and 15 U.S.C.

§ 1121(a) or are (ii) state law claims which are substantial and related to the claims

under federal law and therefore subject to the original jurisdiction of this Court

pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).  Pursuant to Fed. R. Civ.

P. 8(a)(1), the grounds for such jurisdiction are set forth in the Complaint.

(Complaint, ¶2).

### 3.  Even if True, the Alleged Deficiencies in Pleading Do Not Warrant Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

In the present motion, Defendant Beumer Corp. incorrectly argues that the

Complaint is not sufficiently specific in its allegations against Defendant Beumer

Corp. particularly, as opposed to against it. generally as one of a group of related

defendant entities.   (MTD pp. 3-7).  Though never succinctly stated,[2] it appears

that Defendant Beumer Corp. wishes the Court to conclude that if (i) the

_____

[2] Defendant Beumer Corp. engages in a lengthy discussion of agency and alter ego liability in connection with its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  As seen below, Defendant Beumer Corp.'s contentions regarding agency and alter ego liability, even if true, are not germane to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  They are discussed briefly *infra* in connection with Defendant Beumer Corp.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Complaint fails to allege tortious activity by Defendant Beumer Corp. specifically, then (ii) the Complaint is insufficient to allege injury to Plaintiff pursuant to federal law or to state law over which this Court has original jurisdiction, and therefore (iii) that subject matter jurisdiction fails.

This argument is without merit.  Fed. R. Civ. P. 12(b)(1) "concerns a federal court's 'lack of jurisdiction over the subject matter.'"  *College Savings Bank v. Florida Prepaid Educational Expenses Board*, 948 F. Supp. 400, 406-7 (D.N.J. 1996).  "Subject-matter jurisdiction… refers to a tribunal's power to hear a case. … It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief."  *Morrison v. National Australia Bank Ltd.*, 130 S.Ct. 2869, 2877 (2010) (citations omitted).

Subject matter jurisdiction is determined by the laws explicitly or implicitly relied on by Plaintiff.

> Before deciding that there is no jurisdiction, the District Court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the … laws of the United States. For to that extent the party who brings a suit is master to decide what law he will rely upon and . . . does determine whether he will bring a suit arising under the . . . laws of the United States by his declaration or bill.

*Bell v. Hood*, 327 U.S. 678, 681-82 (1946).  Subject matter jurisdiction is <u>not</u>, as

Defendant Beumer Corp. would have this Court find, determined by an analysis of

whether Plaintiff's allegations are meritorious.

> The reason for this is that the court must assume
> jurisdiction to decide whether the allegations state a
> cause of action on which the court can grant relief as well
> as to determine issues of fact arising in the controversy.
> … Jurisdiction, therefore, is not defeated … by the
> possibility that the averments might fail to state a cause
> of action on which [plaintiffs] could actually recover.

*Id.* at 682.

Consequently, regardless of the merits (or purported lack thereof) of the

claims against Defendant Beumer Corp., the Court has subject matter jurisdiction

to entertain these claims and Defendant Beumer Corp.'s Motion to Dismiss

pursuant to Fed. R. Civ. P. 12(b)(1) should be denied.

### B.  THE CLAIMS CONTAINED IN THE COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

#### 1.  Standard for Granting Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may not be granted unless,

accepting all factual allegations in the complaint as true and viewed in the light

most favorable to the plaintiff, the plaintiff has failed to set forth the factual basis

supporting its claims.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. (citation omitted).  Although more than suspicion of a legally cognizable right of action is required, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  *Id*.  Further, "Rule 12(b)(6) does not countenance . . . dismissals based on… disbelief of a complaint's factual allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In the Third Circuit, "federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A)" are measured "by identical standards."  *A&H Sportswear v. Victoria's Secret Stores, Inc.*, 237 F. 3d 198, 210 (3d Cir. 2000).  "To prove either form of Lanham Act violation, a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion."  *Id*.  The elements of common law trademark infringement and New Jersey's Unfair Competition Law are the same as the Lanham Act claims; therefore "the Court need only undertake a single analysis to determine whether Plaintiff's claims survive Defendant's motion to dismiss." *Cancer Genetics, Inc. v. Hartmayer*, 2008 WL 323738 *9 (D.N.J. Feb. 5, 2008).

### 2.  The Complaint Sufficiently Alleges Defendant Beumer Corp.'s Use of the Mark in a Manner Likely to Confuse

Of the three elements required successfully to allege each of the claims set forth in the Complaint, Defendant Beumer Corp. contests only the third, namely that Plaintiff must allege that Defendant Beumer Corp.'s use of the KOCH marks cause a likelihood of confusion.[3]  This allegation is addressed below in two parts: first, whether the Complaint sufficiently alleges that Defendant Beumer Corp. specifically, as distinct from the defendants generally, used the KOCH marks; and second, whether the use made of the KOCH marks by Defendant Beumer Corp. is likely to cause confusion.

---

[3] Defendant Beumer Corp. has not contested the validity of the KOCH marks nor Plaintiff's ownership thereof, except to reserve its right to do so in future in a footnote (MTD p. 11 n.5).  Nevertheless, the first element is met by Exhibit B to the Complaint, which depicts a valid United States Trademark Registration in the name of FLSmidth A/S, Plaintiff's parent company.  The second element is met by Paragraphs 11 through 13 of the Complaint, describing the history and provenance of the KOCH marks, ending with Plaintiff's acquisition of a license to use and enforce the marks for the territory of the United States from Plaintiff's parent company, FLSmidth A/S.(Complaint ¶12).

### a. Defendant Beumer Corp. Used the KOCH Marks

Defendant Beumer Corp. has wrongly argued that the Complaint fails to allege specific actions attributable to Defendant Beumer Corp. as distinct from those of the defendants generally, and consequently that the Complaint contains insufficient allegations as against Defendant Beumer Corp. individually.

This is not so.  The allegations in the Complaint specifically concern a United States registered trademark (Complaint ¶13), infringement of that trademark, and unfair competition, all by conduct that occurs in and/or is directed to the United States by "deploy[ing] various English language advertisements [and marketing materials] directed at the United States and New Jersey" (Complaint ¶¶16-17) by and for the benefit of Defendant Beumer Corp., a United States corporation.  The Complaint alleges (at ¶4) that the other defendants operate in the United States through Defendant Beumer Corp.

Defendant Beumer Corp. wrongly argues (in support of its mistaken argument for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction) that the Complaint against it relies solely on alter ego or agency liability.[4]  (MTD pp. 3-7).  While it is true that the Complaint (at ¶3)

---

[4] Indeed, Defendant Beumer Corp. itself appears confused by its own argument, initially contending (incorrectly) that the Complaint (at ¶3) alleges that Defendant

alleges that the various defendants are agents or alter egos of one another,
Plaintiffs claims against Defendant Beumer Corp. do not rely on alter ego or
agency, but allege direct conduct by Defendant Beumer Corp. as part of the group
of defendants.  (Complaint ¶¶16-20).  Consequently, Plaintiff's claims do not rely
on alter ego or agency liability. [5]

      As described above, the defendants, referring to themselves and other related
entities collectively as the Beumer Group, hold themselves out collectively as a
single entity with multiple branches in various parts of the world. For example, the
English language video on YouTube from the Beumer Group targeting
"international markets, including those in the United States" does not distinguish
between any particular Beumer Group entity.  (Complaint, ¶17; Exh. F).  A
consumer in the United States viewing the video would reasonably presume it is an
advertisement for the American arm of the Beumer Group.  Notably, Defendant
Beumer Corp. fails to even acknowledge the other instances of infringement in the
United States pleaded in the Complaint, including an industry trade magazine with

<hr />

(continued…)

Beumer Corp. has control over the activities of the other defendants (MTD p. 3),
and later quoting the same paragraph of the Complaint to the effect that fellow
defendant Beumer Corp.'s parent company "exerts control over Beumer
Corporation."  (MTD p. 5).

[5] To the extent agency and alter ego allegations may be relevant in the future,
Plaintiff reserves the right to address them at that time.

13

substantial distribution in the United States (Complaint, Exh. E), and advertising in the United States on websites such as LinkedIn using the infringing marks (Complaint, Exh. G).

All of these advertisements in the United States benefit the U.S. arm of the Beumer Group of companies in the United States – Beumer Corporation. (Complaint, ¶16).  Whether Defendant Beumer Corporation is or is not responsible for specific advertisements is an issue that can only be clarified through the discovery process.  Therefore, it is impossible for Plaintiff to discern which advertisements and marketing materials are created and promulgated by which defendant.  At this stage, without the benefit of discovery, Plaintiff can only make allegations against the defendants as a group, because the separate acts of each defendant are veiled by the use of the term "the Beumer Group."

Happily, the Third Circuit does not require that a Complaint allege information which is only known to the defendants.  "[W]here the facts are in the exclusive possession of the adversary, courts should permit the pleader to allege the facts on information and belief, provided a statement of the facts upon which the belief is founded is proffered."  *Shapiro v. UJB Financial Corp.*, 964 F. 2d 272,

285 (3d Cir. 1992).[6]  Due to the impenetrability of the "Beumer Group" veil, which acts of infringement are perpetrated by which defendant is in the exclusive possession of the defendants.

Defendant Beumer Corp. also incorrectly suggests that the use in the Complaint of the phrase "on information and belief" is improper, citing repeatedly to language quoted by the Third Circuit in *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294, 299 (3d Cir. 1996).  However, in *Zuk*, the plaintiff failed to investigate whether the alleged tort had in fact taken place within the limitation period.  Here, Defendant Beumer Corp. has not denied that the tortious acts have occurred, or that the defendants collectively have not performed them, merely that Plaintiff has not pleaded Defendant's individual liability with sufficient specificity (MTD p. 12).  The use of allegations upon information and belief results from Defendant Beumer Corp.'s blurring of its identity with its parent and other related companies.  The actual source and extent of cooperation between Defendant Beumer Corp. and the other defendants in each example of infringement and unfair

---

[6] Significantly, *Shapiro* addresses a pleading of fraud which must meet the heightened pleading standards of Fed. R. Civ. P. 9(b), which are not required in the present case.  Even under the heightened specificity required to plead fraud, the *Shapiro* court declined to require the Plaintiff to plead facts to which only the defendant had access.

competition is information in the exclusive possession of the defendants.

Therefore, it is entirely proper for Plaintiff to have relied on allegations upon

information and belief as these allegations are supported by concrete factual

allegations of specific instances of infringement and unfair competition in the

United States.  When accepted as true, the allegations establish that Defendant

Beumer Corp. has misused Plaintiff's registered United States trademark and

therefore the Motion to Dismiss should be denied.

### b.  Defendant Beumer Corp.'s Use of the KOCH Marks is Likely to Cause Confusion

The Third Circuit test for likelihood of confusion is the ten-factor test

articulated in *Interpace Corp. v. Lapp,  Inc.*, 721 F.2d 460, 463 (3d Cir. 1983).

While it is not necessary at this stage to go through each of the ten factors – many

of which would require evidentiary support obtainable only in discovery – it is

worth noting here that several of the *Lapp* factors are addressed in the Complaint.

Lapp Factor 1, the degree of similarity between the marks, is addressed at

Paragraph 20 of the Complaint.  The marks as used by FLSmidth are depicted in

Exhibit A to the Complaint, while the marks as used by the defendants are depicted

in Exhibit C.  (Complaint ¶11, 17).  These marks are similar or identical.

Lapp Factor 9, the relationship between the two products in the mind of

consumers, hinges on the similarity of the offered products.  *Sabinsa Corp. v.*

*Creative Compounds, LLC*, 609 F.3d 175, 189 (3d Cir. 2010).  This is addressed at Paragraph 21 of the Complaint.

Lapp Factor 10, other factors suggesting the public might expect both products to be made by the senior user, hinges on whether consumers might reasonably expect the two products to have the same source is addressed at Complaint Paragraphs 11 and 14.  *Id.*

Consequently, the third element of a Lanham Act or unfair competition claim is sufficiently alleged in the Complaint.

### C.  IF THE COURT GRANTS DEFENDANT BEUMER CORP.'S MOTION TO DISMISS, PLAINTIFF REQUESTS LEAVE TO AMEND ITS COMPLAINT.

"[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  In this instance, no inequitable result would follow from allowing Plaintiff to amend its Complaint.  As such, the Court should allow Plaintiff to amend its Complaint if the Court finds it has not sufficiently pleaded its causes of action.  Therefore, if the Court grants Defendant Beumer Corp.'s Motion to Dismiss, Plaintiff respectfully requests leave to amend its Complaint.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff respectfully asks the Court to deny Defendant Beumer Corporation's Motion to Dismiss.  In the alternative, Plaintiff respectfully requests leave to amend its Complaint.

This 19th day of March, 2012.

WINSLETT STUDNICKY MCCORMICK & BOMSER LLP

/s/ Joshua Graubart

Joshua G. Graubart
D.N.J. Bar No. JG9062
6 E. 39th Street, 6th Floor
New York, NY  10016
Tel: (646) 781-9321
Fax: (646) 224-8088
jggraubart@graubartlaw.com

18

*Of Counsel:*

HOPKINS & CARLEY

John V. Picone III
   California Bar No. 187226
   jpicone@hopkinscarley.com
Jennifer S. Coleman
   California Bar No. 213210
   jcoleman@hopkinscarley.com
Eugene Ashley
   California Bar No. 171885
   eashley@hopkinscarley.com
70 South First Street
San Jose, CA  95113
Tel: (408) 286-9800
Fax: (408) 998-4790

*Attorneys for Plaintiff*

733\907109.2