IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLSMIDTH WADGASSEN GMBH, | : **DOCUMENT FILED** |
| | : **ELECTRONICALLY** |
| Plaintiff, | : |
| | : Civil Action No. 11-cv-7495 (FLW) (DEA) |
| v. | : |
| | : |
| BEUMER MASCHINENFABRIK GMBH, | : **ORAL ARGUMENT REQUESTED** |
| KOCH MATERIAL HANDLING GMBH, | : |
| KOCH HOLDING A.S., and BEUMER | : **Motion Date:  April 2, 2012** |
| CORPORATION, | : |
| | : |
| Defendants. | : |
| | : |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
## <u>BEUMER CORPORATION'S MOTION TO DISMISS</u>

Karen A. Confoy, Esq.
Erica S. Helms, Esq.
**STERNS & WEINROTH, P.C.**
50 West State Street, Suite 1400
Trenton, NJ 08607-1298
Telephone (609) 989-5012
Facsimile (609) 392-7956

*Attorneys for Defendant*
*BEUMER CORPORATION*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

DISCUSSION ...................................................................................................................... 3

    1.    FLSmidth Fails to Allege Subject Matter Jurisdiction Under Fed. R. Civ.
        P., Rule 12(b)(1) ................................................................................................... 3

    2.    FLSmidth Fails to State a Claim Under Fed. R. Civ. P., Rule 12(b)(6) ................ 4

    3.    Alternative Motion for Leave to Amend Should be Denied ................................... 7

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) ......................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................5

*Bell v. Hood*,
   327 U.S. 676 (1946) ......................................................................................................3

*CNA v. United States*,
   535 F.3d 132 (3d Cir. 2008) ........................................................................................3

*Morrison v. National Australia Bank Ltd.*,
   130 S. Ct. 2869 (2010)..................................................................................................3

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ........................................................................................4

*Shapiro v. UJB Financial Corp.*,
   964 F.2d 272 (3d Cir. 1992) ........................................................................................5

*Zuk v. Eastern Pennsylvania Psychiatric Inst.*,
   103 F.3d 294 (3d Cir. 1996) ........................................................................................6

**Rules**

Fed. R. Civ. P., Rule 12(b)(1).................................................................................1, 3, 4

Fed. R. Civ. P., Rule 12(b)(6).................................................................................2, 4, 5

Fed. R. Civ. P., Rule 15(a)...............................................................................................7

Fed. R. Civ. P., Rule 9 .....................................................................................................5

## INTRODUCTION

Beumer Corporation is thunderstruck by the omissions in Plaintiff FLSmidth's Opposition to Beumer Corp.'s Motion to Dismiss. Although Beumer Corp. demonstrated that Plaintiff has brought this additional litigation in the United States against a non-involved American subsidiary as part of some sort of strategic gamesmanship, Plaintiff is stone silent about its ongoing multi-national litigations in Europe against Beumer Corp.'s foreign affiliates. This silence is deafening.

As we demonstrated in the opening memorandum, all of FLSmidth's allegations focus on the behavior and actions of the foreign defendants in foreign countries. In Europe, FLSmidth has sued and presumably served the foreign defendants – but not Beumer Corp. In contrast, in the United States, where there is no apparent basis for the allegations, FLSmidth has sued and served the one company with which it has no relationship and which has not taken any action that can conceivably support liability in this case. Meanwhile, FLSmidth has served none of the foreign defendants that are alleged to have acted in violation of its alleged trademarks. FLSmidth's opposition papers mislead this Court by not disclosing its other litigations in Austria and Germany against all of the named defendants – with the exception of Beumer Corp.

FLSmidth instead argues pre-*Twombly* notions about complaints needing only short and plain statements and tries to sidestep the Beumer Corp.'s analysis of the complaint's fatal deficiencies under *Twombly* and various Third Circuit decisions. The mere identity of federal question causes of action in a complaint alone does not satisfy Fed. R. Civ. P., Rule 12(b)(1) and FLSmidth has failed to establish, or even suggest, any probable link between the alleged causes and Beumer Corp. FLSmidth equally fails to identify or credibly suggest any evidence that Beumer Corp. created or directed the creation of any of the complaint exhibits – which it did not

– and similarly fails to provide any evidence of confusion caused by Beumer Corp., and thereby fails under Fed. R. Civ. P., Rule 12(b)(6).

FLSmidth's new characterization of Beumer Corp. and all the other defendants as an amorphous "Beumer Group" collectively responsible for the acts alleged in the complaint is misleading – but it is the only way it can justify its failure to allege that Beumer Corp. itself has performed any alleged misconduct. This clustering replaces the flawed complaint's unsupported theories of agency and alter ego, which the plaintiff wisely abandons in its opposition. Yet, in the absence of demonstrated agency or alter ego relationships or demonstrated misconduct by each one of several separate legal entities, there is no accepted concept of collective "Group" liability for the plaintiff to rely on.

Beumer Corporation does not use "Beumer Group" in its name. As FLSmidth knows, "Beumer Group GmbH" is the name of a German company that is an indirect parent of Beumer Corp. Rule 7.1 disclosure statement (Docket Entry 12). FLSmidth's slick use of the hot-button collective "Beumer Group" now, without explanation, is disingenuous.

Importantly, however, FLSmidth did *not* name Beumer Group GmbH as a defendant in this action, but FLSmidth did name Beumer Group GmbH as a defendant in the FLSmidth foreign litigation. The current lamentation that FLSmidth does not understand who controls the European advertising of the mysterious "Beumer Group," appears to be a make-shift excuse in light of FLSmidth's aggressive and sustained litigation campaign against Beumer Group GmbH *company* and its affiliates in Europe.

DISCUSSION

1.     FLSmidth Fails to Allege Subject Matter Jurisdiction Under Rule 12(b)(1)

FLSmidth is incorrect in its assertion that the mere identity of a federal cause of action

alone satisfies subject matter jurisdiction for the purposes of Rule 12(b)(1).  FLSmidth

Memorandum in Opposition ("Opp. Mem.", Docket Entry 18) at 1-2, 3, 6-7.  As more fully

described in the Memorandum in Support of Beumer Corp.'s Motion to Dismiss ("Beumer

Mem."), FLSmidth bears the burden of proof under the Rule to show the existence of the

elements of the cause of action in its pleading – to link the cause of action to defendant (Beumer

Mem. at 3), but the complaint fails to do so.

Even FLSmidth's own cases support the proposition that a link between the cause of

action and a defendant is required to establish Rule 12(b)(1) jurisdiction.  *Arbaugh v. Y&H

Corp.*, 546 U.S. 500, 513 n.10 (2006) (Opp. Mem. at 5) (citing *Bell v. Hood*, 327 U.S. 676

(1946) (Opp. Mem. at 9) for the proposition that Rule 12(b)(1) requires a "*colorable*" claim.

(emphasis supplied)).[1]

To avoid having to connect the dots, the complaint relied on the theories of agency and

alter ego to relate the defendants, but FLSmidth now concedes that it has no support to do so,

attempting to dismiss the theories as "not germane."  Opp. Mem. at 7, n.2; *see* Opp. Mem. at 13.

FLSmidth shamelessly suggests a group of affiliated companies that are somehow collectively

"guilty" to replace its admittedly failed alter ego and agency theories.   FLSmidth has replaced

those abandoned theories by clustering the defendants under an amorphous agglomeration that it

calls the "Beumer Group," without explanation.  As set forth in Beumer Corp.'s Rule 7.1

---

[1]  Beumer Corp. does not dispute the long-standing standards set forth in *CNA v. United States*,
535 F.3d 132, 145 (3d Cir. 2008) and *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869,
2877 (2010).

disclosure,[2] "Beumer Group GmbH" is an indirect parent of Beumer Corp.  However, FLSmidth apparently did *not* make Beumer Group GmbH a defendant in this action, although it is a defendant in the FLSmidth foreign litigation – to which Beumer Corp. is *not* a party.  FLSmidth has still not connected the dots, and has still failed to credibly support its alleged acts by Beumer Corp. that would satisfy Rule 12(b)(1).[3]

     2.    <u>FLSmidth Fails to State a Claim Under Rule 12(b)(6)</u>

FLSmidth does not provide support now for the allegations lacking in its complaint. Articulation of a legal standard alone is not sufficient to state a claim for Rule 12(b)(6).  Beumer Mem. at 7-13.  The complaint failed to allege or credibly suggest that Beumer Corp. performed any infringing act, and failed to allege any occurrence of likelihood of confusion, and FLSmidth appears to rely on its ostensibly-abandoned agency and alter ego theories (Opp. Mem. at 7, n.2) to link its general allegations of bad acts by "the defendants" or "other defendants" to Beumer Corp. (Opp. Mem. At 3, 4, 11, 12, 13, 14).  However, the Rule requires that the complaint must do more than allege the plaintiff's entitlement to relief, and must "'show' such an entitlement with its facts." *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).  Neither the complaint nor FLSmidth's Memorandum provides *any* evidence linking Beumer Corp. to causation, and neither provides *any* allegation of actual or likely confusion in the context of the marks.

---

[2]  FLSmidth continues its unsupported assertion of controlling relationships between Beumer Corp. and the other named defendants.  Beumer Corp.'s Rule 7.1 disclosure (Docket Entry 12), which FLSmidth does not even reference in its memorandum, also reflects that the other named defendants are not in a linear relationship with Beumer Corp., making plaintiff's allegations of alter ego and agency (and now, the bogus "Beumer Group" theory) as to them even less credible.

[3]  FLSmidth's argument to the effect that Beumer's Rule 12(b)(1) argument is mischaracterized (Opp. Mem. at 7-9) misses the mark, as shown in the Beumer Memorandum at 3-7 (distinguished from its Rule 12(b)(6) argument at Beumer Memorandum at 13).

FLSmidth argues that its inadequate and unsupported "short and plain statement of the claim" meets the standard for stating a claim under Rule 12(b)(6). Opp. Mem. at 9-10. However, the mere listing of required elements does not meet the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Twombly* does not help FLSmidth in this regard, since it requires the plaintiff to provide fair notice of the claim against the defendant. *Id.* ("a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *id.* n.3.

FLSmidth now relies on its new opaque veil theory of collective defendants, as a substitute for supported allegations. Opp. Mem. at 12-15. It argues that it is impossible to discern the activities of individual defendants because they act behind the opaque veil of "the Beumer Group," "other defendants" and "group of defendants." Opp. Mem. *passim*. However, lurking behind its own veil, FLSmidth fails to acknowledge that it has been litigating against the other named defendants – and *including* Beumer Group GmbH in the European cases but *not* Beumer Corp. – for the past year. FLSmidth is in a position to know that there is no real basis for claims against Beumer Corp. The complaint – and now FLSmidth's Opposition Memorandum – provide no suggestion of evidence that Beumer Corp. caused any alleged acts.

*Shapiro v. UJB Financial Corp.* (Opp. Mem. at 14) does not relieve plaintiff of the burden of *any* fact-finding. 964 F.2d 272, 285 (3d Cir. 1992).[4] Particularly since FLSmidth has been litigating against the "other defendants," and including "the Beumer Group GmbH" for a year, this is not a situation in which *any* modicum of evidence is "only known to the defendants."

---

[4] *Shapiro* addresses pleading under Fed. R. Civ. P., Rule 9 and issued before *Twombly*. To the extent that FLSmidth relies on it, *Shapiro* requires a "statement of facts upon which their allegation is based" (964 F.2d. at 285), palpably missing from the FLSmidth complaint.

It is simply not reasonable for an entity in the position of FLSmidth to have not included Beumer Corp. as a defendant in the European litigations if there were any credible suggestion that it controlled, directed, or "deployed" the misconduct alleged in the complaint. Opp. Mem. at 12. It is highly parochial, if not completely disingenuous, of FLSmidth to reflect that a United States entity must be the controlling force of advertising solely because it is in the English language. Opp. Mem. at 13-14 ("various English language advertisements").[5] Further, FLSmidth has provided no evidence that any of Beumer Corp. has "blurred" its identity with "its parent." Opp. Mem. at 15. FLSmidth has also provided no evidence that Beumer and any of the other defendants "cooperate" to commit tortious acts. Opp. Mem. at 15-16. *See* note 2 above.

FLSmidth complains that its use of the phrase "on information and belief" in its complaint was not improper (Opp. Mem. at 15), responding to Beumer Corp.'s assertion in its opening Memorandum (Beumer Mem. at 4, n. 3 etc.). However, plaintiff's characterization of *Zuk v. Eastern Pennsylvania Psychiatric Inst.*, 103 F.3d 294 (3d Cir. 1996), as a case only about a statute of limitations, raises a distinction without a difference. *Zuk* incontestably stands for the proposition that use of "on information and belief" "does not relieve [FLSmidth] from the obligation to conduct an appropriate investigation" (*see* 103 F.3d at 299), and that it is not "a license to ... make claims ... without any factual basis or justification" (103 F.3d at 299). Here, FLSmidth had performed no appropriate investigation, has provided no factual bases or justifications for its allegations against Beumer Corp. in the complaint, and has not made up for its deficiencies in its opposition papers.

---

[5]  Beumer Corp. is not the only subsidiary located in an English speaking country. Should there become a time at which factual evidence in support of a defense to the substantive allegation is appropriate, Beumer Corp. will be able to provide evidence to the effect that it did not direct or cause the identified advertising.

The complaint asserted infringement of a FLSmidth federal trademark, the validity of which FLSmidth now brags that Beumer Corp. did not question in its opening memorandum. Although the merits of trademark validity were not necessary or appropriate in these Rule 12 motions, in view of the plaintiff's invitation, Beumer Corp. points out that there is a high likelihood that the trademark applicant's core representation, that the German company's first use in United States commerce occurred in 1945, was not correct.[6]  Complaint Exhibit B, Docket Entry 1-3, Page D:21.  In any case, no facts supporting trademark infringement by Beumer Corp. were alleged, and no confusion was identified or credibly suggested.

3.    Alternative Motion for Leave to Amend Should be Denied

FLSmidth wants a third bite at the apple.  Under Fed. R. Civ. P., Rule 15(a), FLSmidth could have amended its complaint in lieu of answering Beumer Corp.'s Motion – but opted to stand on its original complaint.  It could not submit an amended complaint, because there are no additional facts on which it can rely in support of its inadequate showing.  The alternative motion should further be denied because FLSmidth has had the opportunity now to provide additional evidence, but has failed to do so.  For this reason, the filing of any amended complaint would be futile.

CONCLUSION

FLSmidth has been litigating for a year against companies related to Beumer Corp. – but not Beumer Corp. – on the basis of the same allegations regarding acts that allegedly took place in Europe.  It now attempts to ramp up the pressure on those related companies with a scorched-earth litigation extending into the United States.  It has no evidence that Beumer Corp. committed any of the infringements alleged in the complaint, and has provided no vital evidence

---

[6] Should this representation be determined to be false, the validity of the trademark is at risk.

of likelihood of confusion.  The only allegations are based solely on an umbrella alter-ego-agency-"Beumer Group"-"other-defendants"-impossible-to-know" theory to suggest that its deficient complaint should survive.  Its US registered trademark also appears to have severe validity problems.  The complaint should be dismissed and the motion to amend the complaint should be denied.

Dated:  March 26, 2012

OF COUNSEL:

Thomas P. Battistoni
Kelly L. Morron
**SCHIFF HARDIN LLP**
666 Fifth Avenue
New York, NY 10103
(212) 753-5000

Respectfully submitted,

/s/ Karen A. Confoy
Karen A. Confoy
kconfoy@sternslaw.com
Erica Helms
**STERNS & WEINROTH, P.C.**
50 West State Street, Suite 1400
Trenton, NJ 08607-1298
Tel. (609) 989-5012
Facsimile (609) 392-7956

*Attorney for Defendant*
BEUMER CORPORATION